IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| WILLIAM H. POWELL, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 325-111 |
| | ) | |
| WARDEN ANDREW McFARLAND; | ) | |
| TONYA KEITH; MISTY WINTER; | ) | |
| COUNSELOR KEETON; and | ) | |
| COUNSELOR CONOWAY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Although Plaintiff has not yet paid the initial partial filing fee assessed on December 11, 2025, (doc. no. 7), he has requested to amend his complaint. As Plaintiff may file an amended complaint once as of right under Fed. R. Civ. P. 15(a), and as no complete amended complaint has been filed, let alone screened by the Court, his requests are **MOOT**. (Doc. nos. 8, 10.) However, Plaintiff may not amend his complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). If Plaintiff wants to amend his original pleading, he must submit an amended complaint to include all of his allegations, as well as all of his requested relief, in one document, no later than February 6, 2026.

The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated litigants in the Southern District of Georgia, stamped with this case number, to Plaintiff's service copy of this Order.  No more than six handwritten pages may be attached to the standard form.  See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming the dismissal of a case where the plaintiff failed to heed the pleading instructions from the court regarding re-drafting the complaint); see also London v. Georgia Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages).

If Plaintiff wishes to amend his original complaint, he must complete and submit the enclosed complaint form in accordance with the instructions in this Order.  The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleadings filed by Plaintiff.  See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Alabama Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit.  Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  The numbered paragraphs in his amended complaint should include information such as:  (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, Plaintiff shall state in the amended complaint filed in accordance with the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought. Once Plaintiff has complied with the conditions of this Order, the Court will review the amended complaint to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint. If Plaintiff fails to respond to this Order with the above-described amended complaint by February 6, 2026, the Court will presume that Plaintiff desires to proceed with the original complaint.

Finally, the Court notes that based on the envelopes in which Plaintiff's filings arrive, it appears fellow inmates are helping Plaintiff with the prosecution of his case. While Plaintiff may certainly obtain help from his fellow inmates, the Court observes the signatures on Plaintiff's filings are not consistent. (Cf. doc. no. 1, p. 11 with doc. no. 4 with doc. no. 8, p. 2 with doc. no. 10, p. 3.) The Court reminds Plaintiff the Federal Rules of Civil Procedure, as

3

well as this Court's Local Rules, require he personally sign all of his filings made with the Court. <u>See</u> Fed. R. Civ. P. 11(a); Loc. R. 11.1.

    SO ORDERED this 13th day of January, 2026, at Augusta, Georgia.

_____<br>
BRIAN K. EPPS<br>
UNITED STATES MAGISTRATE JUDGE<br>
SOUTHERN DISTRICT OF GEORGIA